**ZHI QUAN CHEN, Petitioner,**

v.

**Michael B. MUKASEY,[1] U.S. Attorney General, Respondent.**

**No. 05–2561–ag.**

United States Court of Appeals, Second Circuit.

Feb. 7, 2008.

Thomas V. Massucci, New York, NY, for Petitioner.

Mary Beth Buchanan, United States Attorney, James H. Love, Assistant United States Attorney, Pittsburgh, PA, for Respondent.

PRESENT: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhi Quan Chen, a native and citizen of the People's Republic of China,

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

seeks review of an April 28, 2005 order of the BIA affirming the January 8, 2004 decision of Immigration Judge ("IJ") Roxanne C. Hladylowicz, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Quan Chen*, No. A79 436 129 (B.I.A. Apr. 28, 2005), *aff'g* No. A79 436 129 (Immig. Ct. N.Y. City Jan. 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts and affirms the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

The Immigration and Nationality Act ("INA") provides, in pertinent part, that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B) except insofar as that finding implicates a question of law. 8 U.S.C. § 1158(a)(3); 8 U.S.C. § 1252(a)(2)(D). Accordingly, we lack jurisdiction to review the IJ's finding that Chen failed to prove by clear and convincing evidence that he filed his asylum application within one year of his last entry into the United States. *See id.* Indeed, Chen concedes that only his claims for withholding of removal and relief under the CAT are before this Court.

We may, however, review the IJ's denial of Chen's claims for withholding of removal and CAT relief, which was based on the IJ's adverse credibility determination. *See Joaquin–Porras v. Gonzales,* 435 F.3d 172, 180–81 (2d Cir.2006). This Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang,* 386 F.3d at 74 (internal quotation marks omitted). However, an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales,* 331 F.3d at 307.

In this case, the IJ relied primarily on perceived implausibilities in Chen's testimony in making her adverse credibility determination. However, her implausibility findings were based on flawed reasoning and speculation that was not tethered to the record. *See Siewe v. Gonzales,* 480 F.3d 160, 168–69 (2d Cir.2007). In making these findings, the IJ relied on her own unsupported assumptions regarding police activity and practices in China. The IJ's conclusion that Chen and his companions, knowing that Falun Gong was illegal, would not practice in a public park was conjectural without some evidence regarding the frequency and thoroughness with which the police patrolled parks like the one Chen visited. Although the IJ referred to background materials stating that the Chinese government had cracked down on Falun Gong practitioners, she

made no reference to materials regarding the effectiveness of the crackdown or the general efficacy of the Chinese police force. The IJ apparently had no evidence before her regarding the strength or efficiency of the police in the city where Chen resided, and she did not attempt to elicit any testimony from Chen on these points. *See Zhi Wei Pang v. BCIS*, 448 F.3d 102, 111 (2d Cir.2006) (stating that a properly developed record may enable an IJ to determine the existence of discrepancies in the record without resorting to speculation and conjecture).

In addition, the IJ mischaracterized Chen's testimony when she stated that, according to Chen, the police did not return to the park for six or seven months. Chen never testified that the police did not patrol the park at all between October 2001 and May 2002. He testified only that he and his companions had no difficulties with the police in that seven-month period. Moreover, the IJ failed to consider Chen's explanation that he and his companions practiced early in the morning in order to avoid the police, who, according to Chen, were less likely to frequent the park at that hour. Accordingly, to the extent that the IJ's adverse credibility determination was based on these perceived implausibilities in Chen's testimony, it was not supported by substantial evidence. *See Siewe*, 480 F.3d at 168–69.

The IJ also based her adverse credibility determination in part on perceived inconsistencies and discrepancies in the record. First, the IJ noted an inconsistency between Chen's testimony that he could run to the park every morning to practice Falun Gong and his testimony that the park was located an hour from his home by car. However, the IJ failed to acknowledge Chen's explanation that, during the time he was practicing Falun Gong on a daily basis, he was working in Fuzhou City and living temporarily at an address that was close to the park. *See Cao He Lin*, 428 F.3d at 403 (emphasizing that an IJ is not required to credit an applicant's explanations even if they appear plausible on a cold record, but is required to take the explanations into account). In addition, the IJ noted that, although Chen testified that he had no plans to leave China before the police attempted to arrest him in May 2002, he had obtained a notarial birth certificate, partially translated into English in 1996 when he was sixteen years old. However, even assuming that this was an inconsistency, it was not material because it did not touch upon facts or events that were material to Chen's claims. *See Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir. 2005). Accordingly, these perceived inconsistencies were insufficient to form the basis of an adverse credibility determination. *See Secaida–Rosales*, 331 F.3d at 307–08.

Finally, the IJ based her adverse credibility determination in part on Chen's failure to provide corroboration in the form of testimony from fellow Falun Gong practitioners that Chen continued to practice Falun Gong in the United States. However, the IJ provided no analysis in support of her conclusion that the corroborating evidence that Chen did submit—several photographs of Chen practicing Falun Gong exercises in a New York City park—was not sufficient. *See Secaida–Rosales*, 331 F.3d at 307 (stating that an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding). Accordingly, the IJ erred in basing her adverse credibility determination in part on a lack of corroborating evidence. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000) (emphasizing that while a failure to corroborate may, on its own, support a finding that an applicant has failed to meet his burden of proof, it cannot form the sole

basis for an adverse credibility determination).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is remanded for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).